IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 3 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

ROY LEE BRYANT, §
aka R.L. or R. L. BRYANT,[1] §
 §
Petitioner, §
 §
v. § No. 4:17-CV-117-A
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
Respondent. §

## MEMORANDUM OPINION and ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Roy Lee Bryant, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed for lack of jurisdiction.

### I. Factual and Procedural History

On March 22, 1983, in the 29th Judicial District Court, Palo Pinto County, Texas, Case No. 7887, a jury found petitioner

---

[1] Petitioner has filed three prior federal habeas petitions in this court challenging the same conviction under the name of R.L. or R. L. Bryant; thus, the clerk of court is directed to designate that petitioner is also known as R.L. or R. L. Bryant in the event of future filings by petitioner.

guilty of aggravated robbery with a deadly weapon and sentenced him to life imprisonment. (SHR1 19, doc. 10-4.) Petitioner has filed an avalanche of state habeas-corpus applications challenging the 1983 conviction and is conditionally prohibited from filing future applications in state court for abuse of the writ. (Order, doc. 12-9.) Petitioner has also filed three prior § 2254 federal habeas-corpus petitions in this court challenging the same conviction under the name of R.L. or R. L. Bryant. (Pet., Bryant v. Lynaugh, No. 4:90-CV-053-EBM (consolidated with No. 4:90-CV-085) (denied on remand), doc. 1; Pet., Bryant v. Thaler, No. 4:12-CV-080-A (dismissed as an unauthorized successive petition), doc. 1.)

By way of this petition, petitioner raises, verbatim, the following grounds for habeas relief:

→ trial court lacked jurisdiction;

→ void judgment;

→ lack of jurisdiction: true bill for a void law;

→ lack of jurisdiction: false imprisonment – actual innocence; and

→ lack of jurisdiction: indictment true bill fail to charge or accuse a person.

(Pet. 6-7, 11, doc. 1.[2]) He asserts that all grounds are raised for the first time in this successive petition because he just

---

[2] Because the petition contains an inserted page(s), the pagination in the ECF header is used.

2

came into possession of the true bill some thirty-five years after the fact and did not know he had a jurisdictional claim. (Id. at 8.) Respondent, apparently unaware of petitioner's prior federal petitions, contends that the petition is time-barred by the federal statute of limitations. (Resp't's Preliminary Answer 5.)

### III. Successive Petition

A district court cannot exercise jurisdiction over a second or successive § 2254 without authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A § 2254 petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone*, 324 at 837; *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claim(s) when he filed his prior federal petition challenging the same conviction. 28 U.S.C. § 2244(b)(2)(B)(i).

Clearly, with any diligence, the jurisdictional claims predicated upon alleged defects in the charging-instrument process raised in the instant petition could have been raised in petitioner's earlier petitions. Therefore, petitioner must obtain

3

authorization to file the petition in this court from the United States Court of Appeals for the Fifth Circuit. 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without jurisdiction to consider the petition. *See United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999).

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice as an unauthorized successive petition. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED July 3, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE